UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IORGOS GALANOS,<br><br>            Plaintiff,<br><br>      v.<br><br>MICHAEL J. ASTRUE,<br><br>            Defendant. | Case No.: 3:10-cv-05849-JCS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Dkt. Nos. 17, 22].** |

## I.     INTRODUCTION

Iorgos Galanos ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), who determined that Plaintiff was ineligible for continued disability benefits under the Social Security Act because Plaintiff engaged in substantial gainful activity. Plaintiff brings a Motion for Summary Judgment ("Motion") to reverse the decision by the Administrative Law Judge ("ALJ") on grounds that there was not substantial evidence to support the finding that Plaintiff engaged in substantial gainful activity, and that the ALJ erred by discrediting Plaintiff's testimony but not making an explicit credibility finding. Defendant brings a Cross-Motion for Summary Judgment ("Cross-Motion"), requesting the Court to affirm the ALJ's decision in its entirety. The Court finds that the ALJ's decision is supported by substantial evidence and that the ALJ did not commit legal error. Accordingly, the Court affirms the final decision of the Commissioner, DENIES Plaintiff's Motion for Summary Judgment, and GRANTS Defendant's Cross-Motion for Summary Judgment.[1]

//

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

### A. Statutory Background

A person with a disability may be entitled to disability insurance benefits under the Social Security Act ("SSA"). *See* 42 U.S.C. § 423. The SSA defines a "disability" as the "inability to engage in any *substantial gainful activity* by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d). Thus, "[a] person who is able to engage in substantial gainful work is not disabled although he may be physically [or mentally] disabled." *Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir. 1990) (citing 20 C.F.R. § 404.1571) ("If you are able to engage in substantial gainful activity, we will find that you are not disabled.")).

The regulations promulgated under the SSA define substantial gainful activity as "work activity that is both substantial and gainful." 20 C.F.R. § 404.1572. "Substantial work activity is work activity that involves doing significant physical or mental activities." *Id.* § 404.1572(a). The regulations specify that "work may be substantial even if it is done on a part-time basis[.]" *Id.* "Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." *Id.* § 404.1572(b). Several general factors are considered when determining whether activity is substantial gainful activity, such as the nature of one's work, how well one performs, whether work is done under special conditions, and the amount of time spent in work. *See* 20 C.F.R. § 404.1573. However, the amount of one's earnings is the "primary consideration" in determining whether activity constitutes substantial gainful activity. *See id.* § 404.1574.

The regulations set forth the criteria for determining whether a disability continues or ends. *See* 20 C.F.R. § 404.1594. They provide that a "disability can be found to have ended even though medical improvement has not occurred, if you can engage in substantial gainful activity." 20 C.F.R. § 404.1594. However, before the Commissioner determines that an individual is no longer disabled because he or she is engaged in substantial gainful activity, the Commissioner first considers whether the individual is entitled to a "trial work period." *Id.* § 404.1594(d)(5).

A trial work period is a period of nine months−which need not be consecutive−in which an individual may test his or her ability to work and still be considered disabled. *Id.* § 404.1592(a). After the trial work period has ended, however, the Social Security Administration will consider the claimant's activity during the trial work period to determine whether the disability ended at any time after the trial work period. *Id*.

After the nine-month trial work period, the individual may continue to test his or her ability to work in a thirty-six month "reentitlement period." *See* 20 C.F.R. § 404.1592a. Unlike the trial work period, if a beneficiary works during the reentitlement period, the Commissioner may decide that the disability has ceased because the beneficiary is engaged in substantial gainful activity. *Id*. § 404.1592a(a). The regulations provide that "[t]he first time you work after the end of your trial work period and engage in substantial gainful activity, we will find that your disability has ceased." *Id*. § 404.1592a(a)(1). This first time in which the individual works after the trial work period and in the reentitlement period, the Commissioner considers all relevant factors to determine whether the work is substantial gainful activity, including "unsuccessful work attempts." *Id*.

The concept of unsuccessful work attempts was designed to provide an equitable means to disregard relatively brief work attempts that do not demonstrate sustained substantial gainful activity. Generally, work that a claimant is forced to stop, or reduce below the substantial gainful activity level, after a short period of time because of the claimant's impairment is an unsuccessful work attempt. 20 C.F.R. § 404.1574(a)(1). The earnings from an unsuccessful work attempt will not show that a claimant is able to do substantial gainful activity. *Id*.

The criteria for an unsuccessful work attempt is provided in subsection (c) of 20 C.F.R § 404.1574. There are three main requirements: (1) an individual must have a significant break in the continuity of his or her work before the work attempt; (2) if a work attempt lasts between three and six months (which is the case here), it must end, or be reduced below the substantial gainful activity earnings level, because of the impairment or because of the removal of special conditions which took into account the impairment; and (3) one of the additional four factors must be satisfied:

> (i) You were frequently absent from work because of your impairment;
>
> (ii) Your work was unsatisfactory because of your impairment;
>
> (iii) You worked during a period of temporary remission of your impairment; or
>
> (iv) You worked under special conditions that were essential to your performance and these conditions were removed.

20 C.F.R. § 404.1574(c)(4).

If the Commissioner determines that the individual's disability has ceased during the reentitlement period because he or she engaged in substantial gainful activity, the Commissioner will pay benefits for the first month after the trial work period in which the individual engaged in substantial gainful activity and for two succeeding months, whether or not the individual did substantial gainful activity in those two months. *Id.* § 404.1592a(a)(2)(i). After those three months, however, the Commissioner stops paying benefits in the reentitlement period "for any month in which you do substantial gainful activity." *Id*.

After benefits are stopped because of an individual's substantial gainful activity, they may be started again−without a new application and a new determination of disability−if the individual stops engaging in substantial gainful activity in any month during the reentitlement period. *Id.* In this instance, to determine whether the individual engages in substantial gainful activity in any given month, the Commissioner only considers the work and earnings for that month, and does not consider whether this work was an unsuccessful work attempt:

> In determining whether you do substantial gainful activity in a month for purposes of stopping or starting benefits during the reentitlement period, we will consider only your work in, or earnings for, that month. Once we have determined that your disability has ceased during the reentitlement period because of the performance of substantial gainful activity as explained in paragraph (a)(1) of this section, we will not apply the provisions of §§ 404.1574(c) and 404.1575(d) regarding unsuccessful work attempts … to determine whether benefits should be paid for any particular month in the reentitlement period that occurs after the month your disability ceased.

20 C.F.R. § 404.1592a(a)(2)(i).

//

//

4

**B.     Background**

        1.     Factual and Procedural Background

Plaintiff is a native of Greece and lives in Fairfax, California. Administrative Record ("AR") 116. Plaintiff's underlying medical condition is organic brain syndrome, also called toxic encephalopathy. AR 108. Plaintiff traces the onset of the syndrome to pesticide exposure in 1995. AR 121. He complains of symptoms that include strong headaches, dizziness, disorientation, inability to concentrate, memory loss, numbness in extremities, fatigue, and sensitivity to chemical exposure. AR. 21, 120-122. Plaintiff's medical impairment is not in dispute in this case.

Plaintiff worked as a part-time adjunct English professor at Santa Rosa Junior College for several years after he was diagnosed with his medical condition. AR 34, 54-56. Plaintiff primarily works only during the fall semesters. When Plaintiff is not teaching, he returns to Greece to recuperate in a clean air environment with minimal chemical exposure, according to his doctor's advice. AR 109, 116. He also spends extended periods in Holland in a home that is relatively free of toxins. AR 114.

In September 1988, Plaintiff filed an application for disability insurance benefits, and benefits were awarded beginning on May 1, 1997. AR 31. By notices dated July 6, 2005 and August 4, 2005, the Social Security Administration informed Mr. Galanos that his period of disability ended in January 2000 due to Plaintiff's substantial gainful activity. *Id*.; AR 73, 130. Disability payments continued during the reentitlement period from January 2000 through December 2002. Plaintiff requested a review hearing, which was held on September 20, 2007, by an ALJ in San Rafael, California. AR 83, 99. Mr. Galanos attended the hearing, was represented by counsel, and testified on his own behalf. AR 38-72.

        2.     Administrative Hearing

At the hearing, the ALJ first questioned Mr. Galanos about his earnings during the trial work period and thereafter. *See* AR 47-54. The ALJ requested that Plaintiff's lawyer obtain specific records from Santa Rosa Junior College regarding Plaintiff's employment and earnings

starting in 2000 when the trial work period began. AR 52-54. Plaintiff later obtained such records from his employer and submitted them to the court. AR 141-150.

The ALJ then began to question Plaintiff regarding the timing and nature of his teaching. Because of his condition, Mr. Galanos did not remember the exact year when he began to teach at Santa Rosa Junior College, but agreed that he at least began working in the fall of 1998, which was reflected by Plaintiff's earnings. AR 58. In response to the ALJ's questioning, Plaintiff agreed that he had a pattern of teaching only in the fall semester. *Id.* at 59-60. However, Plaintiff also noted that he did not work at all in 2005 due to his illness, and in 2006, he worked in the spring semester and not the fall semester. *Id.* at 60.

Plaintiff testified that it was becoming increasingly more difficult to teach due to his illness, and the lengths between his ability to teach were getting longer. AR 60. Plaintiff testified that at the time of the hearing, which was the fall of 2007, he was teaching an introductory English course and critical thinking. *Id.* at 61-62. However, he noted that due to his illness, it was very challenging for him to teach, but he did so nonetheless because he did not have another means of income. *Id*. at 62. Plaintiff explained that he hires teaching assistants because his "reading ability is very impaired," and does not have to spend much time preparing for the courses because he has taught them so many times. *Id.* at 63.

The ALJ then questioned Mr. Galanos about his time spent traveling. Mr. Galanos confirmed that he splits his time between Holland and Greece when he is not working. AR 63. Mr. Galanos testified that he stays with friends and family because "it's the only way right now I can manage to help myself with the illness that I have because I cannot stay here." *Id.* He explained that his friend in Holland creates an environment that is "toxic-free," and in Greece, he either stays with family or camps near the ocean at little expense. *Id.* The ALJ referenced the journal that Mr. Galanos kept as documentation of his daily activities and symptoms. AR 63, 104-107, 114-127. Mr. Galanos's lawyer asked him to keep this journal to show the severity of his symptoms and how they prevent him from functioning except in a very minimal fashion. AR 64.

Finally, the ALJ questioned Mr. Galanos about the nature of his relationship with the friend with whom he stays in Holland. AR 67. The ALJ referenced the letter from the friend that Plaintiff submitted into the record, and noted that the friend refers to herself as Mr. Galanos's partner. AR 67. Mr. Galanos had also explained that his friend was not very clear that she wanted to stay with him because she had to help him with so many things. *Id.* Mr. Galanos said that they are not married, but that it is a romantic relationship. *Id.*

On March 5, 2008, before the ALJ issued a decision, Plaintiff's counsel sent a letter to the ALJ making the additional argument that Mr. Galanos may be considered to have made "a series of failed work attempts because, although he earned more than the presumptive amount of money, he did not have sustained [substantial gainful activity]." AR 151. Attached to the letter was additional case law and a policy statement from the Commissioner regarding unsuccessful work attempts. AR 152-165.

### 3. The ALJ's Decision

The ALJ issued a decision on March 20, 2008. AR 28-37. The ALJ framed the sole issue as "whether claimant performed services leading to the completion of a trial work period and, after the trial work period, performed substantial gainful activity." AR 31. The ALJ first discussed the relevant regulations. *Id.* at 31-32. The ALJ then explained that based on the evidence of record, Plaintiff "completed a nine month trial work period ending in December 1999, that his period of disability was properly ceased as of January 2000, and that he continued to performed [sic] substantial gainful activity during the extended period of eligibility." *Id.* at 32.

The ALJ first discussed how claimant's monthly averaged earnings show that he performed substantial gainful activity. AR 33. The ALJ cited the regulatory averaged earnings under 20 C.F.R. § 404.1574 that "ordinarily show substantial gainful activity." AR 33. The ALJ also cited the evidence of Plaintiff's earnings, noting how the records from Plaintiff's employer submitted post-hearing were consistent with the records of the Social Security Administration. *Id.* at 33-34. The ALJ's comparison of Plaintiff's earnings and the earnings threshold established by the regulations is illustrated in the following table:

|  | Date | Average Earnings | Earnings Threshold |
|---|---|---|---|
| **Trial Work Period** | September-November 1998 | $533.30 | $500.00 |
|  | December 1998 | $459.23 | $500.00 |
|  | January 1999 | $533.30 | $500.00 |
|  | September-December 1999 | $723.81 | $700.00 |
| **Reentitlement Period** | January 2000 | $723.81 | $700.00 |
|  | September-December 2001 | $1,658.78 | $740.00 |
|  | January 2002 | $1,658.78 | $780.00 |
|  | September-December 2002 | $1,549.66 | $780.00 |
|  | January 2003 | $1,549.66 | $800.00 |

*Id.*; *see also* AR 142-150; Cross-Motion at 4; Motion at 4-6. The ALJ stated that "claimant was engaged in substantial gainful activity because his average earnings exceeded the amounts contemplated by the regulations as constituting substantial gainful activity." AR 34.

The ALJ then addressed the Plaintiff's arguments for why he was not able to do substantial gainful activity. First, the ALJ rejected the argument that Plaintiff was not engaged in substantial gainful activity because he only worked one semester a year, noting that the regulations expressly acknowledge that part-time work may be substantial gainful activity. AR 34 (citing 20 C.F.R. § 404.1572).

Next, the ALJ rejected Plaintiff's contention that he engaged in a series of unsuccessful work attempts. The ALJ stated that "in reviewing the record as a whole, the facts support the conclusion that it is claimant's preference to teach in the fall semester at the Santa Rosa Junior College and travel to visit with his girlfriend, or "partner" in Amsterdam." AR 34.

The ALJ referenced specific evidence in the record supporting this conclusion. He noted that it had been Plaintiff's pattern since 1996 to travel Europe for half the year, that in Europe he listens to music, attends parties, and is able to camp, and that Plaintiff had been able to save his money through this lifestyle. *Id.* The ALJ also stated that although Plaintiff's medical condition was not the basis for the termination of benefits, "it is noteworthy that he was received little, if

any, medical treatment." *Id*. Further, the ALJ referenced Plaintiff's journal for the period of January 9, 2006 through March 28, 2006, where Plaintiff wrote that he hired teaching assistants to help him with his work at Santa Rosa Junior College. The ALJ wrote:

> Claimant, however, also reported in his journal that, after his assistant completed the reading and commenting on each paper, claimant also personally read the same papers submitted by students, reviewed the comments of the teaching assistant and graded each paper…. Thus, although claimant hired assistants to review papers submitted by students, he continued to use the skills and knowledge to do the same work. He also continued to lecture on a regular basis. There is also no evidence that his employer was dissatisfied with his work. I therefore find that the work claimant performed was substantial gainful activity based on his job tasks and earnings that the assistance he received to do his job does was [sic] not work performed under special conditions.

AR 34.

     The ALJ then explained why Plaintiff's benefits were properly terminated in 2002. He explained that Plaintiff worked from September 1998 through January 1999 and September 1999 through December 1999 at the substantial gainful activity level. AR 35. The ALJ noted that "in accordance with the regulations, he was appropriately given a nine month trial work period … that began in September 1998 and was completed in December 1999." *Id*. Finding that Plaintiff's earnings during the trial work period exceeded the threshold average earnings levels for substantial gainful activity, the ALJ found that the Plaintiff was properly determined to be not disabled as of January 2000. *Id*.

     Next, the ALJ found that following the completion of the trial work period, Plaintiff was engaged in substantial gainful activity in the reentitlement period and thereafter by virtue of his continued pattern of teaching for one semester. AR 35. The ALJ stated that the "work involved significant mental capacity and was done for pay or profit." *Id*. The ALJ further noted that Plaintiff did not request reinstatement or file a new application for benefits, which was inconsistent with the argument presented by Plaintiff's counsel of his continuing disability.[2] *Id*.

     The ALJ ended his analysis with his findings and conclusions:

---

[2] The ALJ also rejected an argument from Plaintiff's counsel regarding the applicability of *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988). Plaintiff's counsel does not raise this argument as an issue before this Court.

9

(1) Mr. Galanos was awarded benefits under Title II of the SSA.
(2) Mr. Galanos performed SGA prior to any evaluation for medical improvement and was entitled to and completed a nine month trial work period from September 1998 to January 1999 and from September 1999 to December 1999.
(3) Mr. Galanos's expended period of disability began January 2000 through December 2002.
(4) Mr. Galanos continues to perform SGA since December 2002.
(5) There is no evidence that Mr. Galanos requested reinstatement during the extended period of eligibility or that a new application has been filed.
(6) Mr. Galanos was no longer disabled within the meaning of the SSA beginning January 2000.

AR 36-37.

### 4. The Commissioner's Review of the ALJ's Decision

Plaintiff requested a review of the ALJ's decision. AR 26. On November 23, 2010, the Appeals Council denied Mr. Galanos's request for review, which made the ALJ's decision a final decision of the Commissioner reviewable by a United States District Court. AR 3-6; 42 U.S.C. § 405(g). Plaintiff filed this civil action on December 22, 2010. Dkt. No. 1. The parties have filed cross-motions for summary judgment. *See* Dkt. Nos. 17, 22.

### 5. The Summary Judgment Motions

In his Motion for Summary Judgment, Plaintiff seeks a remand for rehearing within ninety days of judgment and payment of three years of benefits. Motion for Summary Judgment by Iorgos Galanos ("Motion") at 1, 3. Plaintiff argues that his periodic teaching engagements are a series of unsuccessful work attempts, and as such, are excluded from the definition of substantial gainful activity. *Id.* at 3. Plaintiff asserts that the ALJ failed to find the five-month work periods as unsuccessful work attempts, failed to discuss the elements of his unsuccessful work attempt claim, and speculated that Plaintiff intermittently stopped working for reasons other than his disability. *Id.* at 8. Accordingly, Plaintiff argues the ALJ's decision applied incorrect legal standards and is not supported by substantial evidence, and requests the case be remanded for a determination of whether the periodic five-month work periods are unsuccessful work attempts, and thus not substantial gainful activity. *Id.* at 9.

Moreover, Plaintiff argues that the ALJ was required to make an explicit credibility finding. *Id.* at 9. According to the Plaintiff, because the ALJ stated that it was Plaintiff's "preference" to only work one semester and spend the rest of the year in Europe, and Plaintiff testified that he stopped work after each semester due to his impairment, Plaintiff's testimony is entitled to full credit unless the ALJ makes an explicit credibility finding to the contrary. *Id.* at 8-9.

In the Cross-Motion for Summary Judgment, the Commissioner argues that the ALJ's decision is supported by substantial evidence and free of legal error. Defendant's Cross-Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment ("Cross-Motion") at 1. The Commissioner contends that Plaintiff's earnings exceeded the earnings levels for substantial gainful activity, and therefore, Plaintiff's work is presumptively substantial gainful activity. *Id.* at 5. The Commissioner explains that under the applicable regulations, whether Plaintiff had an unsuccessful work attempt is only relevant to the first time in which he worked after his trial work period and in his reentitlement period. The Commissioner contends that Plaintiff failed to produce evidence to rebut the presumption that his earnings from the first five-month period (September 2001 to January 2002) were from an unsuccessful work attempt, and that, for any subsequent work period, the regulations do not allow for consideration of unsuccessful work attempts. *Id.* at 6.

The Commissioner also contends that the ALJ was not required to may an explicit credibility determination because the ALJ was not confronted with the issue of whether Plaintiff was telling the truth. The Commissioner argues that the ALJ was strictly concerned with the question of whether Plaintiff's work met the definition of substantial gainful activity, and that Plaintiff's assertion that he stopped work after each semester due to his impairment was irrelevant.

### III. LEGAL STANDARD

#### A. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P.

56(a). In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the non-moving party's claim, or to a defense on which the non-moving party will bear the burden of persuasion at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Further, "*Celotex* requires that for issues on which the movant would bear the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact," that is, "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (internal quotation omitted). Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to designate "specific facts showing there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. On summary judgment, the court draws all reasonable factual inferences in favor of the non-movant. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255 (1986).

### B. Review of the Commissioner's Decision

In reviewing the Commissioner's decisions, courts take as conclusive findings that are free from legal error and supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence means "more than a mere scintilla," but "less than a preponderance." *Id.*; *Desrosiers v. Sec'y of Health and Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). In reviewing the record, the Court considers both the evidence that supports and detracts from the Commissioner's conclusion. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985)). Even if the Commissioner's findings are supported by substantial evidence, they should be set aside if based on improper legal standards. *Harrison v. Heckler*, 746 F.2d 480, 481 (9th Cir. 1984).

## IV. DISCUSSION

The ALJ's evaluation of Plaintiff's earnings and the timing of Plaintiff's trial work period and reentitlement period is supported by the regulations, the record, and is not challenged by Plaintiff. Plaintiff argues for reversal of the ALJ's decision on two bases. First, Plaintiff argues that he did not engage in substantial gainful activity because his repeated five-month teaching

1 engagements qualify as a series of unsuccessful work attempts. Second, Plaintiff challenges the
2 ALJ's failure to make an explicit credibility determination in light of Plaintiff's testimony that he
3 stopped work due to his impairment, and the ALJ's conclusion that it was Plaintiff's "preference"
4 to only work one semester. For the following reasons, the Court rejects both arguments.

### A. Whether Plaintiff Engaged in a Series of Unsuccessful Work Attempts

Plaintiff argues that the ALJ erred in finding that Plaintiff engaged in substantial gainful activity because his repeated five-month earned income periods constitute a series of unsuccessful work attempts. Plaintiff contends the ALJ erred by failing to consider the specific factors of an unsuccessful work attempt, and that the following testimony from Plaintiff shows that Plaintiff's teaching engagements constitute unsuccessful work attempts:

- "I tried to each and then I got sick, and I couldn't function very well, and then I have to stop." AR 60;

- "right now I went back again to teach, but I had to stop for an entire year, so the lengths between my ability to go back to work has become longer because last year I didn't work at all." *Id.*;

- "this is the only way right now I can manage to help myself with the illness that I have because I cannot stay here. I mean, as I said, I don't−right now I'm homeless. I don't have a place, and I don't have medical insurance, and so I−especially if I don't have any income, you know, I cannot at all stay here, and my friend in Holland is able to create an environment which is toxic free, and then in Greece I can go to near the ocean and stay for relatively cheap, and that−those things really help me." AR 64;

- "I can hardly take care of myself, and one of the issues with my friend, I mean still at this point, she's not very clear that she wants to stay with me, is that because she feels she has to help me so much with several things." AR 67.

Defendant argues that whether Plaintiff had a unsuccessful work attempt−and thus did not engage in substantial gainful activity−is only relevant to the first time in which Plaintiff worked after the trial work period and in the reentitlement period. The regulations provide that "[t]he first time you work after the end of your trial work period *and engage in substantial gainful activity*, we will find that your disability has ceased." *Id*. § 404.1592a(a)(1) (emphasis added). Thus, if Plaintiff's first work attempt in the reentitlement period (September 2001 to December 2001) is found to be substantial gainful activity, Defendant is correct to assert that Plaintiff's subsequent

13

semesters of teaching may not be considered unsuccessful work attempts. 20 C.F.R. § 404.1592a(a)(1) and (a)(2)(i).

However, to the extent Defendant argues that Plaintiff's subsequent semesters of teaching cannot be considered unsuccessful work attempts *even if* Plaintiff's work in September - December 2001 was an unsuccessful work attempt, the Court disagrees. The regulations preclude the earnings from an unsuccessful work attempt to be considered substantial gainful activity. 20 C.F.R. § 404.1574(a)(1). Thus, an individual may be deemed to engage in a *series* of unsuccessful work attempts, which has been recognized by precedential case law. In *Gatliff v. Commissioner of the SSA*, 172 F.3d 690 (9th Cir. 1999), the plaintiff could not hold a job for longer than two months due to his antisocial personality disorder. *Id.* at 691. The Ninth Circuit found that he did not engage in substantial gainful activity, but rather had a series of unsuccessful work attempts. *Id*. at 692.

The ALJ never specifically considered whether Plaintiff's first period of work in the reentitlement period from September 2001 to December 2001 constituted an unsuccessful work attempt, but rather rejected Plaintiff's more general argument that his semesters of teaching constituted a series of unsuccessful work attempts. AR 34-35. Because the ALJ never explicitly found that the Plaintiff's work from September 2001 to December 2001 did not constitute an unsuccessful work attempt, the Court also considers Plaintiff's subsequent semesters of teaching.

Work lasting between three and six months may be an unsuccessful work attempt if: (1) there was a significant break before that work; (2) the work stopped (or reduced to a level below substantial gainful activity) due to the claimant's impairment; (3) and one of the following four factors is satisfied:

> (i) You were frequently absent from work because of your impairment;
> (ii) Your work was unsatisfactory because of your impairment;
> (iii) You worked during a period of temporary remission of your impairment; or
> (iv) You worked under special conditions that were essential to your performance and these conditions were removed.

14

20 C.F.R. § 404.1574(c)(4). Plaintiff argues that his work at Santa Rosa Junior College−where each semester lasted approximately five months−satisfies the foregoing requirements because: (1) there was significant break before each semester he taught; (2) he stopped work because of his impairment; and (3) he was frequently absent from work because of his impairment, and he worked during a period of temporary remission of his impairment. Motion at 7-8; 20 C.F.R. § 404.1574(c)(4) (i) and (iii).

The Court finds that substantial evidence supports the ALJ's finding that Plaintiff's pattern of teaching one semester per year did not constitute a series of unsuccessful work attempts. Since 1996, Plaintiff had a pattern of only working one semester a year and traveling to Holland and Greece for the remaining part of the year, where he saved a substantial amount of money by staying with friends and family or by camping near the sea. While the Court acknowledges that Plaintiff's impairment made it difficult for him to do certain everyday tasks, the Court also notes that Plaintiff was able to engage in substantial mental activity during the semesters in which he taught college courses. There was no evidence in the record to show that Plaintiff had difficulty completely his teaching responsibilities for each semester he taught, and he returned to the same junior college every year. This case must, therefore, be distinguished from the Ninth Circuit's decision in *Gatliff*, where the court found a series of unsuccessful work attempts because the plaintiff was fired after two months of holding a job because of his personality disorder. *Gatliff*, 172 F.3d at 692. Moreover, in this case, there was no medical documentation before the ALJ that Plaintiff's particular medical condition required him to completely rest near the sea or in a non-toxic environment for seven months of the year.[3]

Even if substantial evidence does not support the ALJ's specific finding that Plaintiff did not stop working because of his impairment, there was still no evidence in the record to show that Plaintiff's work periods satisfy the remaining requirements of 20 C.F.R. § 404.1574(c)(4). Specifically, there is no evidence to support Plaintiff's contentions that he was frequently absent from work because of his impairment, or that he worked during a temporary remission of his

---

[3] There is a note written by Plaintiff's doctor in Athens, Greece, which states that Plaintiff should stay near the sea in Greece for at least six months a year. AR 23. This note, however, is dated May 7, 2008, almost two months after the ALJ rendered his decision.

15

impairment. *See id.* § 404.1574(c)(4) (i) and (iii); Motion at 7-8.[4] Plaintiff's attorney first argued that Plaintiff engaged in a series of unsuccessful work attempts after the hearing in a letter sent to the ALJ dated March 5, 2008. AR 151-65. Attached to that letter was a case and a policy statement from the Commissioner regarding unsuccessful work attempts, but no additional evidence to support all of the required elements of an unsuccessful work attempt lasting between three and six months. *See id.* This is a further basis to distinguish the Ninth Circuit's decision in *Gatliff*, because work attempts lasting only two months are considered unsuccessful work attempts regardless of whether the plaintiff satisfies this last factor. *See Gatliff*, 172 F.3d at 692; 20 C.F.R. § 404.1574(c)(4). Accordingly, there is substantial evidence to support the ALJ's finding that Plaintiff did not have series of unsuccessful work attempts, but was rather engaged in substantial gainful activity each semester he worked as an adjunct professor at the junior college.

**B.     Whether the ALJ was Required to Make an Explicit Credibility Finding**

Plaintiff also argues that the ALJ committed legal error by not making "an explicit credibility finding" because Plaintiff testified that he stopped work after each semester due to his impairment, but the ALJ found that it was Plaintiff's preference to only work one semester a year. Motion at 8-9. The Ninth Circuit "require[s] an explicit credibility finding whenever the claimant's credibility is a critical factor in the [Commissioner's] determination." *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990) (citing *Lewin v. Schweiker*, 654 F.2d 631, 634-35 (9th Cir. 1981)). However, a credibility determination need not be made when the relevant inquiry before the ALJ does not require a credibility determination. *See Rand v. Sullivan*, 94 F.2d 159, 161 (9th Cir. 1990).

A credibility determination was not critical to the ALJ's decision in this case. *Rand*, 94 F.2d at 161. The ALJ was concerned with the issue of whether Plaintiff's disability had been properly terminated because of his substantial gainful activity, and found that Plaintiff's argument that he engaged in a series of unsuccessful work attempts was not supported by the evidence. The ALJ's finding that it was Plaintiff's preference to only teach one semester a year was not

---

[4] There is also no evidence that Plaintiff's work was unsatisfactory because of his impairment, or that he worked under special conditions essential to his performance, which were removed. 20 C.F.R. § 404.1574(c)(4)(ii) and (iv).

dispositive of the issue of whether Plaintiff had a series of unsuccessful work attempts. As explained in the previous section, even if Plaintiff stopped working at the end of each semester because of his impairment, he would still not have shown a series of unsuccessful work attempts because he failed to produce any evidence to support the other factors of 20 C.F.R. § 404.1574(c)(4); namely, that he was frequently absent from work because of his impairment, or that he worked during a temporary remission of his impairment. *See id*. § 404.1574(c)(4) (i) and (iii); Motion at 7-8. Moreover, the ALJ's finding that it was Plaintiff's preference to only work one semester of the year went to the weight Plaintiff's evidence, of which there was little aside from his own testimony, not his credibility.

## V. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Summary Judgment and GRANTS Defendant's Cross-Motion for Summary Judgment. The Court affirms the ALJ's decision.

IT IS SO ORDERED.

Dated: April 3, 2013

_____
Joseph C. Spero
United States Magistrate Judge